QUESTIONS: 1. Are reports of campaign contributions and expenditures made under ss. 106.07(2) and s. 111.011, F.S., required to be filed with the Circuit Court Clerk or with the County Administrator of Broward County? 2. Should the circuit court clerk or the county administrator serve as county recorder in view of s. 16 of Revised Art. V 1972, State Const.?
SUMMARY: The fact that the office of county comptroller was abolished by the Broward County home rule charter does not change the opinion expressed in AGO 073-213 — that is, only judicial duties are to be performed by the clerk of the circuit and county courts of Broward County; and the nonjudicial duties formerly performed by the county comptroller — including his duties under the election laws and as county recorder — are to be carried out in accordance with the mandate of the home rule charter. AS TO QUESTION 1: As noted by you, I have heretofore ruled in AGO 073-213 that, after the duties of the circuit court clerk of Broward County were divided between the clerk and the county comptroller by Ch. 72-407, Laws of Florida, as authorized by Art. V, s. 16, State Const., the circuit court clerk should perform only those duties that are judicial in nature — that is, "those that are related to the operation of the judicial system in the county or that were assigned to the office of the clerk as an adjunct of the court system. . . ." It was held that, as the duties performed by the circuit court clerk in connection with elections are performed by him in his capacity as clerk of the board of county commissioners, they are nonjudicial in nature and thus should be performed by the county comptroller. The Broward County home rule charter abolished the office of county comptroller as created by Ch. 72-407, supra, but left untouched the office of circuit court clerk. As created by Ch. 72- 407, the Clerk of the Circuit Court of Broward County "shall also be clerk of the county court and shall perform the duties of clerk of said courts as prescribed by law." (Emphasis supplied.) The apparent intent of the Broward County home rule charter was to preserve the office of clerk of the circuit and county courts as created by Ch. 72-407, supra; thus, the fact that the office of county comptroller was abolished and the nonjudicial duties formerly performed by him were transferred to the county administrator (or to a department directed and supervised by him) does not change the conclusion reached in AGO 073-213, supra. Accordingly, you are advised that reports of campaign contributions and expenditures required to be made under the Election Code should be filed with the county administrator in his capacity as clerk of the board of county commissioners. AS TO QUESTION 2:
The rationale of question 1 is equally applicable in answering your second question insofar as the duty of the clerk of the circuit and county courts with respect to the recordation function is concerned. The duties formerly performed by the County Comptroller of Broward County as "county recorder" are nonjudicial in nature; hence, they are not properly the function of the clerk of the courts.